

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 30, 1964

Honorable Joe Resweber
County Attorney
Harris County
Houston, Texas

Dear Mr. Resweber:

Opinion No. C-340

Re: Whether the interference
with riparian rights of access
by construction of a highway
bridge with a fender system in
a navigable stream constitutes
a taking of property within the
meaning of Article I, Sec. 17,
Constitution of Texas.

You have requested an opinion from this office on the
following matter:

Whether the interference with riparian rights of
access by construction of a highway bridge with a
fender system in a navigable stream constitutes a
taking of property within the meaning of Article I,
Section 17, Constitution of Texas.

Your opinion request and subsequent correspondence has
shown that the State Highway Department has constructed a
rolling lift bridge (draw bridge) with a fender system in
Clear Creek, a navigable stream. The fender system consists
of pilings which are connected by heavy timbers and is entirely
free of the bridge construction. This system keeps ships in
the dredged part of the channel, keeping them in a straight
passage and keeping them from beaching or hitting the bridge
piers. The diagram you enclosed with your correspondence also
shows that blinking lights are attached to the fender system.
The north fender system which does not touch the shoreline,
seems to be the fender that is the basis of this opinion re-
quest, in that it might deny access to the water completely or
substantially restrict access of the riparian owner who owns
the land next to the right of way of State Highway 146. In
this case the fender system was wholly constructed within the
bed of the stream.

In Motl v. Boyd, 116 Tex. 82, 286 S.W. 458 (1926), the
Supreme Court held that it was without dispute that the State
owns the bed of navigable streams as well as the waters which
flow therein and are to be controlled and disposed of by the
State for the best interest of the people. Judge Cureton stated:

> ". . . The waters are in trust for the public:
> First, for navigation purposes, which concerns all
> the public and is ordinarily regarded as a superior
> right; second, the riparian waters of the stream
> are held in trust by the state for the riparian
> owners along its margins; . . ."

The Supreme Court in an earlier opinion, Selman v. Wolfe, 27 Tex. 68 (1863), held that navigable streams within the State are public highways and are exclusively subject to the control of the State.

The Court in Chicago, R.I. & G. Ry. Co. v. Tarrant Co. Water Control, etc., 123 Tex. 432, 73 S.W.2d 55 (1934) at page 70 stated:

> "/167 The authorities also appear to be uniform
> in holding that consequential damages incident to
> navigation improvements must be borne by the party
> affected, and not by the government. . . ."

The same Court in Brazos River Authority v. City of Graham, 163 Tex. 167, 354 S.W.2d 99 (1961), held at page 131:

> "The petitioner repeats that this is a case of
> damnum absque injuria. A number of authorities are
> cited as supporting this position. There is in the
> law relating to waters a class of cases which hold
> that certain injuries to land caused by artificial
> changes in the channel of a stream in aid of naviga-
> tion or the construction of revetment works designed
> to prevent erosion by water are noncompensable. The
> true basis of the holdings of the navigation cases
> seems to rest in the police power. . . ."

The United States Supreme Court in Scranton v. Wheeler, 179 U.S. 141 (1900), concerning a pier constructed by the government in a canal, stated:

> "If the riparian owner cannot enjoy access to
> navigability because of the improvement of naviga-
> tion by the construction away from the shoreline of
> works in a public navigable river or water, and if
> such right of access ceases alone for that reason
> to be of value, there is not, within the meaning of
> the Constitution, a taking of private property for
> public use, but only a consequential injury to a
> right which must be enjoyed, as was said in the
> Yates case, in due subjection to the rights of the

public'--an injury resulting incidentally from the exercise of a governmental power for the benefit of the general public, and from which no duty arises to make or secure compensation to the riparian owner." (Underlining added.)

2 Nichols on Eminent Domain, (3rd Ed.) on page 251 states:

". . . The United States or a state may even construct works in aid of navigation in the bed of a navigable watercourse which wholly cuts off access from the riparian land to the water without any obligation to make compensation arising. . . .

"The reason for the immunity of the public authorities from liability to make compensation, when private property is invaded or valuable riparian rights destroyed by the construction of works in aid of navigation, is not based upon the fact that such injury is not severe enough to constitute a taking, but that it is an exercise of the public easement, and a use by the public of the public domain. There are no private rights in navigable waters that are not held subject to the public easement or which conflict with or encroach upon the rights of the public in respect to navigation."

See also 65 C.J.S. 157, Navigable Waters, Sec. 67c.

Based upon the above authorities, it is our opinion that the State can construct a highway bridge with a fender system in a navigable stream on the submerged land and that a landowner has no such right under the Constitution that would entitle him to be compensated for any loss of access from his upland to the body of water in question, resulting from the erection and maintenance of the fender system by the State of Texas, in order to improve the navigation of a public navigable waterway.

## SUMMARY

The interference with riparian rights of access by construction of a highway bridge with a fender system in a navigable stream, which is in aid of navigation, is not a taking of property within the meaning of Article I, Sec. 17, Constitution of Texas.

Yours very truly,

WAGGONER CARR
Attorney General of Texas

By ~~Charles R. Lind~~
CHARLES R. LIND
Assistant Attorney General

CRL:da

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
Arthur Sandlin
Milton Richardson
Bill Osborn
Pat Bailey

APPROVED FOR THE ATTORNEY GENERAL
By: Roger Tyler